## Curry v. Fayette County Housing Authority

*E. M. Viakley*, for plaintiff.

*Damon Faldowski*, for defendant Fayette County Housing Authority.

*Steven H. Wyckoff*, for additional defendant Yezbak & Son Inc.

WAGNER, *J.*, February 25, 1988 — In this personal injury action, the additional defendant seeks to compel plaintiff to disclose at deposition the comments overhead by plaintiff during an inspection of the site of the accident. In attendance were plaintiff; plaintiff's counsel; Miss Sims, a representative of defendant Fayette County Housing Authority; a female friend of plaintiff; and an unidentified male. Plaintiff objects to that disclosure on the grounds of the attorney-client privilege as codified in section 5928 of the Judicial Code, 42 Pa. C.S. §5928, and, alternatively, that the information is within the protected class of attorney work product as established by Pa. R.C.P. 4003.3.

An essential element of the attorney-client privilege is that the communication be confidential. The presence of a third party will result in the destruction of the privilege. *Hopewell v. Adebimpe*, 129 P.L.J. 146 (1981); *O'Brien v. Tuttle*, 21 D.&C. 3d 319 (1982). In this case, the communication which is objected to took place in front of three people other than plaintiff and her counsel. Thus, the confi-

dentiality element is totally absent and the communication cannot be protected by the attorney-client privilege.

While Pa. R.C.P. 4003.3 contains no specific reference to the confidentiality element, it does protect from discovery the "mental impressions of a party's attorney or his conclusions, opinions, memoranda, notes or summaries, legal research or legal theories." It further excludes from discovery the "mental impressions, conclusions, or opinions respecting the value or merit of a claim or defense or respecting strategy or tactics" formulated by the representative of a party other than counsel.

It is not clear from the transcript presented to the court just whose comments caused the objection or whether counsel was objecting to what everyone present may have said. The physical presence of counsel for plantiff would not protect from discovery that which is otherwise discoverable. Factual evidence or information prepared or obtained in anticipation of litigation is discoverable unless it is a mental impression or evaluation of that evidence made by a representative of a party. *Little v. Allstate Insurance Company,* 16 D.&C. 3d 110 (1980); *Equitable Gas Company v. Walbrook Insurance Company,* 135 P.L.J. 71 (1987).

Futhermore, the explanatory note to Pa. R.C.P. 4003.3 emphasizes that "a lawyer's notes or memoranda of an oral interview of a witness, who signs no written statement, are protected but the same notes or memoranda made by an insurance investigator will not be protected." Unless plaintiff can establish that the comments she seeks to exclude were made by her representative and dealt with mental impressions or evaluations, these comments are discoverable. Plantiff can, of course, continue to object to disclosure of her attorney's mental impressions,

conclusions or opinions. However, the comments to plaintiff by Sims and the others present as recalled by plaintiff are not protected even though those same comments, if the attorney's notes only, would be protected.

The rule defines a party's representative to include his "attorney, consultant, surety, indemnitor, insurer or agent." Even this definition of representative does not appear broad enough to exclude the alleged statements of Sims who was a representative of defendant Housing Authority and not of plaintiff.

Finally, in those circumstances where an otherwise protected statement of a party was furnished first to a third person rather than directly to counsel, the discovery limitation and attorney-client privilege were inapplicable. *Piro v. Bell,* 129 P.L.J. 443 (1981). The same reasoning would apply to a simultaneous declaration to counsel with others present. The confidentiality element is missing.

In conclusion, we grant the additional defendant's request to compel discovery of the third party's statements as recalled by plaintiff. However, because the identity of one of the declarants is unknown to the court, to the extent that plaintiff can establish a representative status and if those statements contain mental impressions respecting the merits of the claim, disclosure is not required. This can only be ascertained if the plaintiff is directed to reappear for further deposition at which time counsel may interpose the objection to such inquiry and preserve objections as to admissibility. Because we believe the opposition to the discovery was substantially justified, we will not award counsel fees to the additional defendant nor order that the expenses of the rescheduling of the deposition be borne by plaintiff.

## ORDER

And now, February 25, 1988, upon consideration of the motion to compel discovery and the briefs of counsel, it is hereby ordered that plaintiff reappear for a follow-up deposition at a time and place to be set in accordance with Pa. R.C.P. 4007.1. Plaintiff is directed to respond to those questions which are not objectionable in accordance with standards set forth in the opinion annexed hereto.